**IN THE COURT OF APPEALS OF IOWA**

No. 15-0570
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY HEBERT,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen, Judge.


Jeremy Hebert appeals his convictions for three counts of assault on a peace officer with intent to inflict serious injury.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link (until withdrawal), Assistant Attorneys General, for appellee.


Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

The State charged Jeremy Hebert with three counts of assault on a peace officer with intent to inflict serious injury after he confronted three law enforcement officers. *See* Iowa Code § 708.3A(1) (2013). A jury found him guilty as charged. On appeal, Hebert contends the findings are not supported by substantial evidence. *See State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014) (setting forth standard of review).

The jury was instructed the State would have to prove the following elements for each count:

> 1. On or about the 20th day of November, 2014, in Plymouth County, Iowa, Defendant Jeremy Hebert did an act which was specifically intended to:
> > a. result in physical contact which was insulting or offensive to [the officer]; or
> > b. place [the officer] in fear of immediate physical contact which would be painful, injurious, insulting, or offensive to him.
> 2. Jeremy Hebert had the apparent ability to do the act.
> 3. Jeremy Hebert had the specific intent to inflict a serious injury.
> 4. [The officer] was a peace officer at that time.
> 5. Jeremy Hebert knew [the officer] was a peace officer at the time he committed the act.

The jury was further instructed an "act" in element 1 was "an open and outward act done in pursuance and manifestation of Mr. Hebert's intent." Jurors were advised they could "consider statements made by Mr. Hebert" but "mere words are not sufficient to establish an assault." With respect to element 2, the jury was instructed "'[a]pparent ability' means a reasonable person in Jeremy Hebert's position would expect the act to be completed under the existing facts and circumstances."

Hebert contends "the State failed to present sufficient evidence that Hebert made an overt act, nor did they present sufficient evidence that he had the apparent ability to act." A reasonable juror could have found otherwise.

Hebert called a 911 dispatcher and threatened to bomb the White House. A sergeant with the Plymouth County sheriff's office and two secret service agents went to Hebert's home to investigate the threat. According to the sergeant, Hebert was initially cordial, but when he learned of the nature of the investigation, he became "belligerent, verbally hostile," and "very confrontational." Hebert stated, "I'm going to fucking kill you," and he pointed to each of the three officers. One of the secret service agents asked Hebert to clarify whether he indeed said he was going to kill a federal agent. Hebert said, "Yes, I am going to kill federal agents." Hebert was not restrained at the time. He challenged the officers to fight outside and moved toward the door. One of the agents testified Hebert was "prepared for a fight." When the agent heard the threat, he became "more concerned."

We conclude this evidence amounts to substantial evidence of an "act" and the "apparent ability" to commit the act. *See Copenhaver*, 844 N.W.2d at 451-52 (finding substantial evidence to support the "overt act" element of assault where defendant gave bank teller a note saying "this is a robbery," forcefully instructed her to give him money, and told her not to hit any buttons, causing her legs to shake, and made similar threats to another teller); *State v. Heard*, 636 N.W.2d 227, 232 (Iowa 2001) (finding sufficient evidence of an overt act where defendant entered a store in disguise, demanded money while in close proximity to a clerk, took the money, and told her to lie down); *State v. Sponsler*, No. 13-

0349, 2014 WL 956017, at *2 (Iowa Ct. App. Mar. 12, 2014) (finding sufficient evidence to support finding of guilt for assault on a peace officer where "Sponsler's agitated demeanor and threatening conduct were intended to place the deputies in fear of imminent physical contact, whether or not such contact was made"). Accordingly, we affirm the jury's findings of guilt.

**AFFIRMED.**